**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

No. 1:08-CR-105

United States of America

v.

William Barnett
                  Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 28, 2011 alleging that the Defendant, William Barnett, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on September 3, 2009, before the Honorable Thad Heartfield, United States District Judge of the Eastern District of Texas, after pleading guilty to the offense of

18 U.S.C. § 2250(a), failure to register by a sex offender, a class C felony. The offense carried a statutory maximum imprisonment term of 10 years' imprisonment. According to the original presentence report, there were no applicable guideline provisions relating to a conviction pursuant to 18 U.S.C. § 2250(a). Therefore, the statutory range of punishment controls. The Defendant was sentenced to 24 months' imprisonment, which was followed by a five-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure to monitor employment, and participation in drug and alcohol treatment and testing. The Defendant's conditions of supervised release were modified by the Court on November 29, 2010 to include a 180 day placement in a community corrections center due to previously failing to secure an appropriate release plan. On June 1, 2011, the Defendant's conditions of supervised release were further modified to include participation in sex offender treatment, and on September 12, 2011 the Court modified the conditions again to include no contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer; orders not to frequent any location and/or activities where minors under the age of 18 would congregate unless supervised by an adult approved by the probation officer; and not to possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2). Mr. Barnett's conditions of supervised release were last modified on October 13, 2011 to include an 180-day placement in a community corrections center due to failing to participate in a sex offender treatment as instructed.

## II. The Period of Supervision

Mr. Barnett completed his period of imprisonment and began service of his supervision term on December 24, 2010.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on October 28, 2011. The petition alleges that the Defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Standard Condition: | | The Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| 2. Standard Condition: | | The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |
| 3. Standard Condition: | | The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |
| 4. Special Condition: | | Under the guidance and direction of the U.S. Probation Officer, the defendant shall participate in a sex offender treatment program, which may include the application of physiological testing instruments. The Defendant shall pay any cost associated with treatment and testing. |

The petition alleges that Mr. Barnett failed to report for scheduled sex offender treatment as noted above, and advised the U.S. Probation Officer that he missed the appointment due to continued transportation difficulties. His conditions of supervised release were modified to include 180 days in a residential reentry center to address this violation of treatment and his lack of transportation. Mr. Barnett received verbal and written instructions on October 17, 2011, to report to the office of Dr. Lester located in Tyler, Texas, to begin the medical testing aspect of the halfway house intake process. He failed to appear as instructed on October 24, 2011.

## IV. Proceedings

On November 21, 2011, United States Magistrate Judge Zack Hawthorn convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant pled "true" to the Government's first allegation that he violated a standard condition of supervised release, to wit: "The Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month." Further, the parties agreed the court should revoke the Defendant's supervised release and impose a sentence of eight (8) months' imprisonment, with a 24-month term of supervised release thereafter. His conditions of supervised release shall include, among other things, an 180-day placement in a community corrections center.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to report by telephone as instructed by the supervising U.S. Probation Officer; failing to report on October 24, 2011 for a physical examination; failing to report an arrest within 72 hours; and failing to participate in sex offender counseling on October 4, 2011, he will be guilty of committing a Grade C violation and the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the Government's first allegation that he violated a court-ordered condition of supervised release by failing to report to the probation officer as directed by the Court or probation officer, and failing to submit a truthful and complete written report within the first five days of each month. Based upon the Defendant's plea of "true" to this allegation of the Government's Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is V. Policy guidelines suggest 7-13 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## VII. Recommendations

1. The court should find that the Defendant violated a condition of supervised release by failing to report to the probation officer as directed by the Court or probation officer, and failing to submit a truthful and complete written report within the first five days of each month;

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565;

3. The Defendant should be sentenced to a term of imprisonment of eight (8) months); and

4. Upon release of imprisonment, the Defendant should be placed on a 24-month term of supervised release. His conditions of supervised release shall

include, among other things, an 180-day placement in a community corrections center.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 22nd day of November, 2011.

_____
Zack Hawthorn
United States Magistrate Judge