

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | CASE NO. 1:08-CR-105 |
| | § | |
| WILLIAM BARNETT | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, William Barnett, violated conditions of supervised release imposed by United States District Judge Thad Hearfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on October 8, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On September 3, 2009, the Honorable Thad Heartfield of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of failing to register as a sex offender, a Class C felony. Judge Heartfield sentenced the defendant to 24 months imprisonment to be followed by a 5 year term of supervised release. On December 11, 2011, Barnett's original term of supervised release was revoked to 8 months imprisonment to be followed by a 2 year term of supervised release. The new supervised release term was made subject to the standard conditions of release, plus special conditions to include residing in a residential reentry center for 180 days, participate in sex offender treatment, restricted from unsupervised contact with minors, location restrictions, prohibited from possessing or viewing images in any live in any form of media or in

any live venue that depicts sexually explicit conduct, and participation in testing and treatment for drug and alcohol abuse. William Barnett completed this period of imprisonment on July 6, 2012, and began service of the new term of supervised release.

On October 24, 2012, Judge Heartfield signed a Petition for Warrant on Supervised Release due to William Barnett being unsuccessfully discharged from the residential reentry center in Houston, Texas. The Court later rescinded the warrant and on November 30, 2012, U.S. Magistrate Judge Zack Hawthorn ordered the defendant released from custody and reinstated William Barnett's term of supervision.

### B. Allegations in Petition

The United States alleges that the defendant violated the following standard condition of supervised release:

*The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer..*

Specifically, on September 4, 2013, the offender failed to provide verification of AA attendance during the scheduled office visit. The U.S. Probation Officer admonished the offender and advised him that he is in violation.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would present the testimony of an officer with the United States Probation Office who would testify that Mr. Barnett was instructed to provide verification of his attendance at AA. During an office visit to the Probation Department on September 4, 2013, Barnett failed to provide that verification as instructed.

Defendant, William Barnett, offered a plea of true to the allegations. Specifically, he agreed with the evidence presented and pled true to the allegation that he failed to follow the instructions of his probation officer to provide AA attendance verification in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to provide AA attendance verification to his probation officer as directed.

If the Court finds that Mr. Barnett violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of V and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13 months. *See* U.S.S.G. § 7B1.4(a). Because the offense of conviction in this case was a Class C felony, respectively, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3). However, due to the previous revocation of Barnett's first term of supervised release and the resulting 8 month prison term, the maximum term is capped at 16 months. *See* 18 U.S.C. § 3583(h).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*,

963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant failed to comply with the directions of his probation officer in violation of his supervision conditions. Mr. Barnett voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing* (doc. #71).

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **ten (10) months imprisonment** for the revocation, with no further supervision upon release.

### OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 16th day of October, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE